# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **JULIAN A. RIGBY,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | **Civil Action No.** |
| **FLUE-CURED TOBACCO** : | **7:05-CV-122 (HL)** |
| **COOPERATIVE STABLIZATION** : | |
| **CORPORATION,** : | |
| : | |
| **Defendant.** : | |
| : | |
| : | |

## ORDER

As part of the Court's initial file review process, the Court determines whether a proper jurisdictional basis exists for each case. Because federal courts have only limited jurisdiction, the Court can only proceed with the requisite jurisdiction. Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] Accordingly, federal courts should examine the jurisdictional basis of a case on their own initiative is necessary. Id. It is generally a plaintiff's burden to allege, with particularity, facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000). A federal court's jurisdiction can be based on either a federal question or diversity of citizenship; however, as Plaintiff in this case attempts to base jurisdiction only upon diversity of citizenship, the Court will not address the

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

requirements of federal question jurisdiction. Because it is not entirely clear from the face of the complaint if Plaintiff seeks to base jurisdiction on traditional diversity of citizenship requirements or pursuant to the new relaxed class action requirements of the Class Action Fairness Act of 2005, the Court will discuss each avenue in turn.

Traditional diversity jurisdiction requires that all plaintiffs in a case be citizens of different states than all defendants and the amount in controversy in the case exceed $75,000. 28 U.S.C. § 1332(a) (2000). In contrast, the new class action diversity jurisdiction requires (1) a class consisting of at least 100 proposed class members; (2) that the citizenship of at least one of the members of the proposed class is different from the citizenship of any defendant; and (3) that the amount in controversy, after aggregating the claims of the proposed class members, exceeds $5,000,000. 28 U.S.C. § 1332(d) (2000).

Regardless of whether a plaintiff bases jurisdiction on the traditional diversity requirements or the Class Action Fairness Act of 2005, a properly plead allegation of citizenship is essential. Although there is no statutory definition of citizenship, with regard to natural persons, federal courts hold that citizenship is equivalent to domicile for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Accordingly, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). Thus, mere residency is not enough to establish the citizenship of natural persons for diversity jurisdiction.

A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1) (2000). Although not defined by federal statue, a corporation's principal place of business has been defined by federal case law. Principal place of business is determined by analyzing the total activity of the corporation. Village Fair Shopping Center v. Sam Broadhead Trust, 588 F.2d 431, 434 (5th Cir. 1979). The Eleventh Circuit Court of Appeals has adopted the "total activities" test to determine a corporation's principal place of business. See Vareka Investments, N.V. v. American Investment Properties, Inc., 724 F.2d 907, 910 (11th Cir. 1984). "Under this test, if a corporation conducts the vast majority of its physical operations in a particular state, that state will contain its principal place of business; however, if a corporation's physical activities are negligible or are dispersed across several states, 'the nerve center, or corporate offices, will be the principal place of business.'" MacGinnitie v. Hobbs Group, 420 F. 3d 1234, 1239 (11th Cir. 2005) (quoting Toms v. Country Quality Meats, Inc., 610 F.2d 313, 315 (5th Cir. 1980). Accordingly, stating only the state in which a corporation does business is not enough to establish the citizenship of a corporation.

Here, Plaintiff has failed to plead citizenship correctly pursuant to the traditional diversity requirements or the new class action diversity requirements. First, under traditional diversity Plaintiff has failed to allege that he is a citizen of a different state than Defendant. Plaintiff states he is a resident of Bacon, County; however, allegations regarding residency tell the Court nothing. In lieu of residency, Plaintiff must allege the state of which he and the other parties are citizens. Alternatively, under class action diversity, Plaintiff has failed to properly

3

that one member of the class is diverse from any defendant or the requisite number of members in the class. To properly base jurisdiction on class action diversity Plaintiff must allege the citizenship of the one member of the class who is a citizen of a state different from any defendant and allege that the members of the potential class exceed 100 individuals.

Accordingly, Plaintiff has **twenty days**, from the entry of this order on the docket, to correct his deficient allegation of citizenship by amending his complaint. If Plaintiff fails to do so, the case will be dismissed for lack of jurisdiction.

**SO ORDERED**, this the 20th day of December, 2005.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs